UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
CASE NO.: 1:22-cv-00040-MW-GRJ

SHEDRICK COOPER,

    Plaintiff,

v.

CITY OF GAINESVILLE,
CHRISTOPHER MARTINEZ

    Defendants.
_____/

## COMPLAINT

COMES NOW, PLAINTIFF, SHEDRICK COOPER, by and through his undersigned counsel, files this Complaint and sues CITY OF GAINESVILLE and CHRISTOPHER MARTINEZ and states, individuals, and states:

## JURISDICTION AND PARTIES

1. This is an action for damages arising out of violations of federal law and state torts detailed below in an amount greater than $75,000.00.

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution.

3. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343 and 1367, 42 U.S.C. § 1988 and the constitutional provision mentioned above.

4. The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court, in and for the Northern District of Florida. In

connection with the acts, practices and violations alleged below, DEFENDANTS have either directly or indirectly violated PLAINTIFF'S constitutional rights.

5. PLAINTIFF SHEDRICK COOPER ("Plaintiff") is an individual who, at all times material to this Complaint, resided in Alachua County, Florida.

6. DEFENDANT CITY OF GAINESVILLE ("Gainesville") is a city located in Alachua County, Florida. The Gainesville Police Department is responsible for law enforcement within the city limits of Gainesville and is an agency of Gainesville. Gainesville is the governmental entity that controls the Gainesville Police Department.

7. Gainesville, at all times material to this Complaint, was responsible for the conduct of the Gainesville Police Department's officers including supervising, overseeing, training and establishing policy regarding the conformance of their conduct within the United States and Florida constitutions and Florida Common law.

8. DEFENDANT CHRISTOPHER MARTINEZ at all times material to this Complaint, was a police officer with of the Gainesville Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or Alachua County and/or City of Gainesville. Defendant Martinez is being sued in his individual capacity.

9. All conditions precedent, including those under Chapter 768, Florida Statutes have been complied with. Written notice was provided on January 7, 2021. Please see attached Notice of intent as Exhibit "A" to this Complaint.

## **FACTUAL ALLEGATIONS**

10. On or about February 2, 2020, PLAINTIFF was detained and then arrested by DEFENDANT'S CITY OF GAINESVILLE'S agent, Officer Martinez for FLEE ELUDE POLICE: FAIL TO OBEY LEO ORDER TO STOP 316.1935(1), a Third Degree Felony; RESIST OFFICER-OBSTRUCT WO VIOLENCE 843.02, a First Degree Misdemeanor; DWLS REVOCATION 2ND SUBS OFF 322.34(2), a First Degree Misdemeanor; HIT AND RUN: LEAVE SCENE OF CRASH INVOLVE DAMAGE 316.061(1), a Second Degree Misdemeanor; and RECKLESS DRIVING SUBSQ OFF, a 316.192, a Second Degree Misdemeanor. [1]

11. In his sworn arrest report, Martinez, in the relevant part alleges the following:

> While I was driving south on S. Main St around the 200 block I heard an officer come over the radio that the DEF was running southbound on SE 1st St. I turned east on SE 2nd Ave and immediately observed the DEF running westbound on SE 1st St and SE 2nd Ave. I exited my vehicle and yelled, "Gainesville Police Stop". The DEF ignored my commands and continued running west bound on SE 2nd Ave. After a short foot chase, I handcuffed the DEF and put him in the back of my patrol car.

(Exhibit B).

12. Nowhere in his arrest report does Martinez allege that the Plaintiff acted violently towards Martinez or anyone else, nor does Martinez claim that he needed assistance to handcuff the Plaintiff or to put the Plaintiff in Martinez's patrol car.

13. Furthermore, Martinez's story conveniently omits the details stated below.

---

[1] The reckless driving count was ultimately "no actioned" by the Alachua County State Attorney Office.

14. The Plaintiff stopped voluntary and raised his hand up in the air. Martinez approached the Plaintiff and in the violent fashion slammed him to the ground headfirst. Then, Martinez utilizing brute and violent fractured the Plaintiff's right ancle.

15. While helpless and in pain the Plaintiff was cuffed behind his back and brought up on his feet by Martinez with a swift and violent jerk.

16. Other officers present at the scene stood around and laughed while Martinez was physically and verbally abusing the Plaintiff.

17. Martinez transported the Plaintiff to the jail where the Plaintiff was eventually seen by a nurse. That nurse told the Plaintiff that the police officers claimed that the Plaintiff's injuries were a result of a motor vehicle accident. The Plaintiff denied that and told the nurse that he was injured by Martinez.

18. Martinez's police report is completely silent about the injuries the Plaintiff sustained while in Martinez's custody and control.

19. During the efforts to detain PLAINTIFF, DEFENDANT Martinez engaged in, but not limited to, the following actions:

   a) Body slamming the PLAINTIFF to the ground;

   b) using brute and excessive force to fracture the Plaintiff's right ancle;

   c) kneeling on Plaintiff at the spot of injury;

   d) jerking Plaintiff up in an unnecessary aggressive manner and stuffing him into a police cruiser.

20. During the efforts to detain PLAINTIFF, DEFENDANT Martinez caused an injury to the Plaintiff which resulted directly and only from the use of force exerted by Martinez that was clearly excessive to the need and the excessiveness of which was objectively unreasonable.

21.     All conditions precedent to the filing of this action have been complied with.

### COUNT I - VIOLATION OF 42 U.S.C.§1983 - City of Gainesville
### (Failure to train, hire, monitor, supervise & control)

22.      Plaintiff reasserts and realleges paragraphs 1 through 21 as though fully set forth herein.

23.     The Defendant, Gainesville, and its supervisors, in their official, individual, and supervisory capacity, acting within their scope of authority and under color of law, were deliberately indifferent in training and supervising subordinate Officers, which directly resulted in Plaintiffs unreasonable seizure, the use of threats, intimidation, and coercion, the unlawful use of force, the unlawful seizure and arrest and the malicious prosecution of the Plaintiff, which was the moving force causing his injuries and is actionable under 42 U.S.C.§1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

24.     The above-described actions are within the City of Gainesville Police Department policies, customs, practices and usages and are so widespread and pervasive that they constitute the policy of City of Gainesville   Police Department that caused the constitutional deprivations of the Plaintiff. The need to train is obvious and the problems identified in this Complaint are known to City of Gainesville Police Department and City of Gainesville or should have been known to them but for Gainesville's deliberate indifference.

25.     Gainesville has an official policy and widespread custom and pattern of:

A.     Failing to train, monitor, supervise, control and discipline supervisory and subordinate Officers;

B.     Failing to ensure compliance with training by monitoring, supervising, controlling and disciplining supervisory and subordinate Officers who violate official policy;

C.     Allowing Officers to become physical with suspects, including using excessive force;

D.     Allowing Officers  to resort to intimidation, taunting, threats, and coercion;

E.	Allowing Officers to act individually and to conspire with other Officers to prevent the truth about the improper conduct from being known or by failing to report such improper conduct;

F.	Failing to adequately and properly receive citizen complaints, investigate the complaints, and then discipline, retrain, or otherwise sanction and/or remedy the improper conduct of the Officers of City of Gainesville Police Department; and

G.	Failing to adopt and maintain an effective early warning system designed to identify repeatedly deviant Officers and then act to address and correct the deviance.

26.	Defendant, Gainesville's custom or policy as described above caused the violation of the Plaintiff's federally-protected right to be free from an unreasonable seizure, intimidation, coercion, and excessive use of force guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

27.	As a direct and proximate result of the violation of the Plaintiff's federally-protected right as described above, the Plaintiff has suffered emotional and psychological distress, great humiliation, and mental suffering. Further, the Plaintiff suffered bodily injury in resulting pain and suffering, mental anguish, loss of earnings, and the loss of capacity for the enjoyment of life.

### COUNT II - NEGLIGENT HIRING AND/OR SUPERVISION AND/OR RETENTION - CITY OF GAINESVILLE

28. Plaintiff reasserts and realleges paragraphs 1 through 21 as though fully set forth herein.

29. At all times material hereto, individuals employed by Defendant CITY OF GAINESVILLE acted within the course and scope of their employment with said Defendant.

30. Defendant CITY OF GAINESVILLE has a common law duty to protect others from the result of the negligent hiring, supervision and/or retention of its police officers, whose

negligent or intentional acts, due to their positions as police officers, can foreseeably cause injuries to third parties.

31. Defendant CITY OF GAINESVILLE knew or should have known that Defendant MARTINEZ was unfit to be hired as a police officer.

32. It was foreseeable that Defendant MARTINEZ would use his position, employed as a police officer by Defendant CITY OF GAINESVILLE, to injure a third person.

33. PLAINTIFF SHEDRICK COOPER was placed in the zone of risk created by Defendant CITY OF GAINESVILLE'S negligence in hiring and/or supervising retaining Defendant MARTINEZ

34. As a direct and proximate result of tortuous acts of the agents, employees and/or deputy sheriffs of Defendant CITY OF GAINESVILLE, PLAINTIFF SHEDRICK COOPER sustained injuries, for which Defendant CITY OF GAINESVILLE is vicariously liable as a matter of law.

35. As a direct and proximate result of Defendant CITY OF GAINESVILLE'S negligent hiring and/or supervision and/or retention of Defendant MARTINEZ, sustained injuries for which Defendant CITY OF GAINESVILLE is liable as a matter of law.

36. As a direct and proximate result of negligent hiring and/or supervision and/or retention, PLAINTIFF SHEDRICK COOPER has suffered physical and mental anguish, endured suffering and aggravation of his physical and mental condition and humiliation.

   WHEREFORE, PLAINTIFF SHEDRICK COOPER prays:

   a) Judgment for compensatory against DEFENDANT CITY OF GAINESVILLE ;

   b) Costs of suit;

   c) Reasonable attorney's fees;

    d) Trial by jury as to all issues so triable;

    e) Such other relief as this Honorable Court may deem just and proper.

### COUNT III - 42 U.S.C. § 1983
### EXCESSIVE FORCE - CITY OF GAINESVILLE AND MARTINEZ

37. Plaintiff reasserts and realleges paragraphs 1 through 21 as though fully set forth herein.

38. This cause of action is brought by PLAINTIFF SHEDRICK COOPER against DEFENDANTS CITY OF GAINESVILLE and MARTINEZ for deprivation of constitutional rights within the meaning of 42 U.S.C. § 1983.

39. The Gainesville Police Department, the agency controlled by DEFENDANT GAINESVILLE, is engaged in a pattern and practice of:

    A. Tacitly authorizing its employees to engage in excessive use of force;

    B. Allowing Officers to become physical with suspects, including using excessive force; and

    C. Allowing Officers to resort to intimidation, taunting, threats, and coercion.

These patterns and practices allowed and encouraged DEFENDANT Martinez to use excessive force against the Plaintiff.

40. DEFENDANT Martinez, acting under the color of law, grabbed the PLAINTIFF SHEDRICK COOPER by the arms and body, slammed him on the ground and fractured his right ancle when he was not resisting.

41. PLAINTIFF SHEDRICK COOPER sustained an injury that resulted directly and only from the use of force by DEFENDANT Martinez that was clearly excessive to the need. The excessiveness of force used by DEFENDANT Martinez was objectively unreasonable.

42. DEFENDANT Martinez, while acting under the authority of the State of Florida and under color of law as a police officer, subjected PLAINTIFF SHEDRICK COOPER to the

deprivation of the rights and privileges secured to him by the Constitution of the United States to be secure in his person against the use of excessive force under the Fourth Amendment to the United States Constitution and within the meaning of 42 U.S.C. § 1983.

43. Defendant, Gainesville's custom or policy as described above and Defendant Martinez's violation of the clearly established law, caused the violation of the Plaintiff's federally-protected right to be free from an unreasonable seizure, intimidation, coercion, and excessive use of force guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

44. As a direct and proximate result of the above-mentioned unconstitutional acts of DEFENDANTS GAINESVILLE and MARTINEZ, PLAINTIFF SHEDRICK COOPER has suffered mental and physical anguish, endured suffering and aggravation of his physical and mental condition, humiliation, and loss of civil rights.

    WHEREFORE, PLAINTIFF SHEDRICK COOPER prays:

    a) Judgment against DEFENDANTS CITY OF GAINESVILLE and Martinez for compensatory and punitive damages (where applicable);

    b) Costs of suit;

    c) Reasonable attorney's fees;

    d) Trial by jury as to all issues so triable; and

    e) Such other relief as its Honorable Court may deem just and proper.

## COUNT IV - BATTERY – DEFENDANT MARTINEZ

45. Plaintiff reasserts and realleges paragraphs 1 through 21 as though fully set forth herein.

46. DEFENDANT MARTINEZ intended to cause a harmful or offensive contact with SHEDRICK COOPER and an offensive contact with SHEDRICK COOPER resulted when SHEDRICK COOPER was thrown on the ground and had his right ancle fractured.

47. As a direct and proximate result of the battery, PLAINTIFF SHEDRICK COOPER has suffered mental and physical anguish, endured suffering and aggravation of his physical and mental condition and humiliation.

WHEREFORE, PLAINTIFF SHEDRICK COOPER prays:

a) Judgment for punitive damages (where applicable), compensatory damages against DEFENDANT Martinez;

b) Costs of suit;

c) Trial by jury as to all issues so triable;

d) Such other relief as this Honorable Court may deem just and proper.

Respectfully submitted,

| | |
|---|---|
| The Law Offices of Bruce Prober P.A.<br>500 NE 4th St. Suite 200<br>Ft. Lauderdale, FL 33301<br>Telephone:    (954) 281-8888<br>Facsimile:      (954) 333-1505<br><br>By: /s/ Bruce Prober<br>BRUCE PROBER, ESQ.<br>FLORIDA BAR NO.: 895881 | Trayber Raikhelson Law Group, PLLC.<br>2750 NE 185th Street<br>Suite 206, 2750 NE 185th<br>Street Suite 206<br>Aventura, FL 33180<br>Telephone:(305) 990-1451<br>E-mail: arlaw@raikhelsonlaw.com<br><br>/s/ Andre G. Raikhelson<br>Andre G. Raikhelson, Esq.<br>Bar Number: 123657 |