## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**SHEDRICK COOPER,**

        ***Plaintiff,***

**v.**                            **Case No.:   1:22cv40-MW/MJF**

**CITY OF GAINESVILLE**
**and CHIRSTOPHER**
**MARTINEZ,**

        ***Defendants.***

_____/

## ORDER GRANTING IN PART MOTION
## FOR SANCTIONS AND TO DISMISS

Defendants moved, pursuant to Federal Rule of Civil Procedure 37, for sanctions and to dismiss, ECF No. 65, following Plaintiff's latest (third, by this Court's count) failure to attend his own deposition. Following Defendants' motion, this Court ordered Plaintiff to explain (1) why this case should not be dismissed and (2) why Plaintiff should not be sanctioned for his repeated failures to attend his deposition. ECF No. 66. Plaintiff, who proceeds *pro se*, has now responded. ECF No. 69. This Court has considered both Defendants' motion and Plaintiff's response. Defendants' motion, ECF No. 65, is **GRANTED in part and DENIED in part**. Plaintiff's complaint, ECF No. 1, is **DISMISSED with prejudice**, but this Court declines to award additional sanctions.

1

I

This Court recently outlined this case's procedural history in its order compelling Plaintiff's attendance at his own deposition, *see* ECF No. 62, but will provide a fuller account here. Plaintiff alleges that Defendant Martinez, a Gainesville Police Department officer, violated Plaintiff's federal constitutional rights when arresting him on or about February 2, 2020. ECF No. 1 ¶¶ 19–20. Plaintiff claims injuries from his "unreasonable" and "unlawful seizure and arrest," the "malicious prosecution of" him, "the use of threats, intimidation, and coercion [and] unlawful use of force" against him, and a conspiracy to conceal those acts. *Id.* ¶¶ 23, 25–26, 39. All these actions, Plaintiff alleges, are within the "policies, customs, practices and usages" of the Gainesville Police Department and "constitute the policy of" Defendant City of Gainesville ("the City"). *Id.* ¶ 24.

Plaintiff brought a four-count complaint against Defendants. In Count I, Plaintiff sues the City under 42 U.S.C. § 1983 for improperly training and supervising Defendant Martinez and other Gainesville Police Department officers. *Id.* ¶¶ 22–27. In Count II, Plaintiff sues the City for negligent hiring, supervision, and retention of Defendant Martinez. *Id.* ¶¶ 29–36. Count III is a section 1983 claim against both Defendants for excessive use of force. *Id.* ¶¶ 37–44. Finally, Plaintiff sues Defendant Martinez for battery in Count IV. *Id.* ¶¶ 45–47.

The parties began discussing Plaintiff's deposition no later than early August 2022. *See* ECF No. 24 ¶ 15. On August 25, 2022, Defendants served a notice for Plaintiff's deposition for September 28, 2022. ECF No. 26 ¶ 2. On September 16, 2022, Plaintiff moved for a protective order permitting him to be deposed via Zoom as opposed to in person. ECF No. 26. In the motion, Plaintiff noted recent technological advances facilitating remote depositions and explained that he "now resides in Kentucky and is not in a financial position to take time off work, purchase the tickets and pay for logging [*sic*] to appear for a live deposition . . . ." *Id.* ¶¶ 5–7.

This Court denied Plaintiff's motion on September 19, 2022. ECF No. 27. In its order, this Court cited the general rule that "the party taking the deposition gets to choose the location" and that, where the parties disagree on the situs for a deposition, the defendant's preference typically controls, given that the plaintiff "initially chose the forum." *Id.* at 2 (citing *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600 (N.D. Fla. 2019)). This Court also acknowledged Northern District of Florida Local Rule 26.1(b)(1), which states that unless a court "orders otherwise for cause, . . . a party who asserts a claim for affirmative relief . . . can be required to appear once in this District for a deposition." *Id.* at 2. Finally, this Court recalled that it enjoys great discretion in setting the location of a deposition. *Id.* at 3 (citing *Moszkowski*, 330 F.R.D. at 608).

3

Applying those principles, this Court held that Plaintiff had failed to show good cause for being allowed to be deposed remotely. Notwithstanding the benefits of remote depositions—particularly in the dark days of the COVID-19 pandemic—those benefits did not entitle Plaintiff to demand a remote deposition where Defendants requested an in-person one. *Id.* at 3–4. And although courts may consider a litigant's financial means when considering whether "good cause" exists to override a defendant's preference as to situs, Plaintiff had failed to make the requisite showing that in-person attendance is more than merely inconvenient. *Id.* at 4 (citation omitted). Thus, Defendants could "require[]" Plaintiff "to appear once in this District for a deposition." N.D. Fla. Local Rule 26.1(b)(1).

Defendants did, in fact, require Plaintiff's appearance for an in-person deposition in this District, but they repeatedly attempted to accommodate both Plaintiff and Plaintiff's (now former) counsel. Defendants' efforts included diligently reaching out to and following up with Plaintiff's former counsel, postponing the deposition, and—upon hearing in October that Plaintiff was, "for personal reasons," opposed to attending an in-person deposition in Gainesville—offering to hold it in Tallahassee. ECF No. 36 ¶¶ 6–18. Nonetheless, both Plaintiff and Plaintiff's former counsel failed to attend Plaintiff's rescheduled deposition during the discovery period, which ended on October 28, 2022. *Id.* ¶ 19.

Subsequently, on October 28, 2022, Defendants moved to dismiss this case as a sanction for Plaintiff's nonappearance. ECF No. 36. Plaintiff responded on November 14, 2022, explaining that "since [his] experience with the City's police force was so dramatic . . . he is afraid of entering the City's jurisdiction for the fear of being arrested and losing his employment as a result of that arrest." ECF No. 41. Plaintiff did not address Defendants' offer of deposing him in Tallahassee.

On December 9, 2022, this Court denied Defendants' motion to dismiss, instead directing Defendants to compel Plaintiff's deposition. ECF No. 42. On January 3, 2023, having reviewed Defendants' motion to compel, ECF No. 44, and Plaintiff's response, ECF No. 46, this Court ordered the parties to arrange Plaintiff's deposition, with January 27, 2023, being the latest possible deposition date. ECF No. 47. The parties agreed that Plaintiff would be deposed on January 26, 2023. ECF Nos. 49 & 50. Plaintiff also acknowledged the date, time, and location of the January 26, 2023, deposition. ECF No. 54 ¶¶ 6–7. Still, Plaintiff never appeared for his deposition. *Id.* ¶ 9.

Following Plaintiff's nonappearance at the January 26, 2023, deposition, Plaintiff's former counsel moved to withdraw from representing Plaintiff in this matter. ECF No. 54. This Court set a teleconference hearing on that motion for February 3, 2023, and expressly ordered that Plaintiff attend. ECF No. 55. Plaintiff did not. For reasons stated on the record at the hearing—which centered on

Plaintiff's repeated failure to attend his deposition and correspond with his former counsel—this Court granted the motion to withdraw. ECF No. 60. Since then, Plaintiff has represented himself.

For reasons stated on the record at that same hearing, this Court also ordered Plaintiff to attend his deposition in Tallahassee, Florida, at 9:00 AM Eastern on February 16, 2023. ECF No. 62. In that order, this Court warned that "[i]f Plaintiff does not attend . . . his case will be dismissed." *Id.* at 3. This Court e-mailed Plaintiff a copy of that order and communicated its substance to Plaintiff via phone. ECF Nos. 63 & 64. On that call, Plaintiff expressed doubts about his ability to attend the February 16 deposition, noting his concern that he would lose his job if he took the time to travel for the deposition. ECF No. 64. Plaintiff did not attend the February 16 deposition. ECF No. 65 ¶ 5.

Later that same day, Defendants filed the motion currently before this Court. ECF No. 65. On February 17, 2023, this Court ordered Plaintiff to respond, giving him until the end of the day on February 24, 2023, to do so. ECF No. 66. Also on February 17, 2023, this Court e-mailed a copy of the order to Plaintiff and informed him of it by calling his phone and leaving a voicemail message. ECF Nos. 67–68. Plaintiff responded on February 23, 2023. ECF No. 69.

Defendants request that this Court (1) dismiss this case and (2) award Defendants sanctions reflecting the fees and costs incurred in attempting to depose

Plaintiff (including attorney's fees and court reporter fees), as well as attorney's fees incurred in related motion practice. ECF No. 65 at 2–3. Relatedly, Defendants request time to submit evidence supporting those sanctions. *Id*.

In response, Plaintiff asserts that he "never agreed" to an in-person deposition—only to a deposition via Zoom. ECF No. 69. Despite his directions to his former counsel that he did not want to be deposed in person and his instructions that they either work on a settlement or push for a remote deposition, he explains, his former counsel set a deposition date against his will. *Id*. His reluctance to appear in person springs from his concern that he might lose his job for taking time off from work. *Id*. It also springs from his fear of returning to Florida. Specifically, Plaintiff fears being "retaliated against for suing" and would be concerned for his life if he were to return to Florida "after what [Defendant] Martinez [allegedly] did to [him] back in February 2020." *Id*. Additionally, Plaintiff feels it is unfair that his former counsel could attend the deposition remotely while he was obligated to appear in person. *Id*. As for the sanctions, Plaintiff argues that he "should not have to pay sanctions for a nonappearance [he] never agreed to attend in the first place." *Id*. Plaintiff also notes that he "working on obtaining new attorneys" and that three are currently reviewing his case. *Id*.

II

In their "broad discretion to control discovery[,]" district courts may sanction uncooperative litigants pursuant to Federal Rule of Civil Procedure 37. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Rule 37 permits courts, on motion, to sanction parties who fail to appear for their properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). It also permits dismissal of a case where a party does not obey the court's discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (citation omitted). Dismissing a case with prejudice, the most severe sanction under Rule 37, is reserved for when "a plaintiff's recalcitrance is due to wilfulness, bad faith, or fault." *Phipps*, 8 F.3d at 790 (citations omitted). For example, "[w]hen the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority" to dismiss the case. *Id*.

Here, Plaintiff's repeated refusal to attend his own depositions is willful. In his response, he states that he "never agreed" to an in-person deposition. ECF No. 69. In choosing to sue Defendants in the Northern District of Florida, however, Plaintiff has already subjected himself to the procedural rules of the Northern

District of Florida. *See also Gregory v. Miami-Dade Cty.*, Case No. 13-21350-CIV-GRAHAM/SIMONTON, 2015 WL 13935271 (S.D. Fla. June 10, 2015) ("[I]t is [the plaintiff] who chose to bring this lawsuit and who, like other litigants, [is] obligated pursuant to the Federal Rules of Civil Procedure to participate in the discovery process of this action. That process frequently includes being deposed even when a litigant is 'extremely agitated' or 'under duress.' "; awarding sanctions in section 1983 police shooting case because plaintiff refused to be deposed).

One of those rules, Federal Rule of Civil Procedure 26(c), permits courts to issue protective orders to shield parties from "undue burden or expense"—but only for cause. Another, Northern District of Florida Local Rule 26.1(B)(1), states that "a party who asserts a claim for affirmative relief . . . can be required to appear once in this District for a deposition." A court can modify that requirement, but only for cause. *Id*. Defendants are requiring Plaintiff "to appear . . . in this District for a deposition," and this Court—in denying Plaintiff's motion for a protective order—found that Plaintiff failed to show cause. Nonetheless, Plaintiff has persisted in jamming up the discovery process. He first failed to attend a deposition that this Court required the parties to arrange. ECF Nos. 47, 49 & 50. He then disobeyed this Court's order compelling his in-person deposition. ECF No. 62. Furthermore, given that he would rather settle this case or simply "try harder" to secure a deposition over

Zoom than be deposed in person, ECF No. 69, Plaintiff demonstrates that he has no plans to comply.

Plaintiff's response does contain a reason for his nonappearance that his motion for protective order, ECF No. 26, did not include—namely, his fear of being "retaliated against for suing" and his concern for his life if he returned to Florida. *Id*. Relatedly, in responding to Defendants' earlier motion to dismiss for his nonappearance at a deposition before the discovery deadline, Plaintiff stated that "since [his] experience with the City's police force was so dramatic . . . he is afraid of entering the City's jurisdiction for the fear of being arrested and losing his employment as a result of that arrest." ECF No. 41 at 2.

Regardless of whether fear following an encounter with law enforcement could ever save from dismissal a case in which the plaintiff willfully failed to attend a deposition, Plaintiff's arguments are unconvincing. Plaintiff's failure to reveal his fear earlier—including in his motion for a protective order—calls into doubt both its impact and its genuineness. Indeed, Plaintiff never proactively mentioned his fear and has referred to it only once before, in response to Defendants' motion to dismiss following his first failure to attend his deposition.[1] ECF No. 41 at 2. And according

---

[1] In October 2022, Defendants were made aware that Plaintiff, "for personal reasons, . . . was not amenable to travelling to Gainesville, Florida, for his deposition." ECF No. 36 ¶ 13. But so nebulous a term as "personal reasons" can neither put one party on notice of another's fear nor itself justify nonattendance at a deposition.

to that earlier response, Plaintiff's fear prevented him from being deposed only in "the City's jurisdiction." *Id*. Since then, Defendants offered, and this Court ordered, Tallahassee as the location of Plaintiff's deposition—and Plaintiff's zone of fear has expanded to the whole of Florida.

In short, Plaintiff's conclusory, intermittent, internally inconsistent expressions of fear are unpersuasive. *See also Functional Products Trading, S.A. v. JITC, LLC*, No. 1:12-cv-00344-WSD, 2013 WL 4482507, (N.D. Ga. Aug. 20, 2013) (granting plaintiff attorney's fees as sanction under Rule 37 despite defendant's stated "fear[] for his and his family's life," given the possibility of his arrest and detainment upon entering the United States; noting that the defendant "had never moved for a protective order in conjunction with this concern" and had informed the plaintiff of his nonappearance one day before the deposition); *cf. United States v. Twenty-Nine Pre-Colombian and Colonial Artifacts from Peru*, No. 13-21697-CIV, 2014 WL 4655737 (S.D. Fla. Sep. 17, 2014) (denying Government's motion to dismiss civil forfeiture case as a sanction for foreign claimant's refusal to attend deposition in United States in part because claimant feared "criminal prosecution concerning [the surrounding] circumstances"; after claimant had expressed concerns in advance and been assured safe passage, Government counsel then implied the possibility of arrest). And to permit conclusory, intermittent, internally inconsistent expressions of fear to excuse nonattendance would eviscerate the presumption—

11

reflected in Local Rule 26.1(B)(1)—favoring in-person depositions. All this is to say that Plaintiff's expressions of fear do not make his refusal to attend any less willful.

If Plaintiff wishes to use the courts to obtain the relief he seeks, he must abide by their rules, including the rules of discovery. He has twice broken those rules by defying this Court's discovery orders—one arranging for his deposition in January 2023, ECF No. 47, and one expressly compelling him to appear at the February 16 deposition, ECF No. 62.[2] In repeatedly refusing to attend his in-person deposition, Plaintiff has wasted this Court's resources and undermined the integrity of the discovery process in this case. Here, as in *Phipps*, the record demonstrates a pattern of open defiance of this Court's orders, as well as an intent to continue disregarding them. *See* F.3d at 970.

Given Plaintiff's opposition to an in-person deposition in this district, it is unlikely that sanctions less than dismissal would prompt him to obey. It is no answer that Plaintiff is "working on obtaining new attorneys," ECF No. 69, because new representation would do nothing to solve the crux of the problem: Plaintiff's unwillingness —despite the Federal Rules of Civil Procedure, Local Rule

---

[2] This count does not include a third court order Plaintiff disobeyed—namely, ECF No. 55, directing him to attend the telephonic hearing at which his counsel withdrew. Plaintiff's former counsel's withdrawal resulted from Plaintiff's repeated failures to attend his deposition and to correspond with them, *see* ECF No. 54, the order warned that "Plaintiff shall not grant his own extension by failing to appear again," ECF No. 55, and one consequence of the subsequent hearing was the removal of the trial in this case from the calendar because of "Plaintiff's disregard for discovery rules," ECF No. 61 at 1. Nonetheless, this Court does not classify that order as a discovery order *per se*.

26.1(B)(1), and several orders—to be deposed in person in this district. Therefore, Defendants' motion, ECF No. 65, is **GRANTED in part** to the extent it requests dismissal. This case is **DISMISSED with prejudice**.

III

Before dismissing this case, however, this Court must consider whether to impose the additional sanctions Defendants seek—namely, fees and costs for the missed depositions and related motion practice. This Court declines to award these additional sanctions. Dismissing this case with prejudice—the most severe sanction under Rule 37, *Phipps*, 8 F.3d at 790—is sanction enough. Consequently, Defendants' motion, ECF No. 65, is **DENIED in part** to the extent it requests sanctions beyond dismissal.

Accordingly,

**IT IS ORDERED:**

1. Defendants' motion for sanctions and to dismiss, ECF No. 65, is **GRANTED in part and DENIED in part**.

2. Plaintiff's complaint, ECF No. 1, is **DISMISSED with prejudice**. This Court declines to award additional sanctions.

3. The Clerk shall enter judgment stating, "Plaintiff's claims against Defendants are dismissed with prejudice."

4.  The Clerk shall close the file.

**SO ORDERED on February 28, 2023.**

**s/Mark E. Walker**
**Chief United States District Judge**
